UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCIA F. VITALE,

        Plaintiff,

v.                                  CASE NO. 8:06-CV-943-T-30MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. §§ 405(g), Plaintiff seeks review of the Commissioner's decision denying her claim for disability insurance benefits.[1] At issue is whether the ALJ erred when he failed to follow social security ruling 96-8p, failed to find Plaintiff's herniated discs, stenosis, and osteophytes severe impairments, and relied on a faulty VE hypothetical and testimony. After considering the record, I find the ALJ followed the regulatory scheme and his findings are supported by substantial evidence. For these reasons, I recommend the Commissioner's decision be affirmed and the complaint be dismissed.

    *A. Background*

The Plaintiff was 42 years old at the time of the administrative hearing. She has a high school education and training as a beautician. Her past work experience includes jobs as a sales attendant, cosmetologist, and cashier. Plaintiff claims disability from August 24, 2000, due to severe pain in both hands up to her elbows.

The ALJ found the Plaintiff retained the residual functional capacity to perform a reduced

---

[1] This matter has been referred to me pursuant to Local Rule 6.01(C)(21).

range of light work. Specifically, the ALJ found she can occasionally and frequently lift and carry ten pounds or less, stand and/or walk about six hours in an eight hour workday, sit for a total of about six hours in an eight hour workday and an occasionally stoop and kneel, but never push or pull with her upper extremities or climb, balance, crouch or crawl (R. 28). The ALJ concluded that there are a significant number of jobs in the national economy that the Plaintiff could perform, including light and unskilled work as a cashier and ticket seller and sedentary semi-skilled work as a telemarketer and appointment clerk.

   *B. Standard of Review*

To be entitled to disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that

significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his age, education, and work experience. 20 C.F.R. § 404.1520. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. § 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

    C. Discussion

        *1. Dr. Rashkin, SSR 96-8p, and RFC*

The first section of Plaintiff's memorandum titled "remand and reversal demanded with an immediate award of benefits- improper determination of RFC under SSR 96-8p," actually

discusses the ALJ's rejection of Plaintiff's treating doctor's opinion.[2]  Plaintiff's memorandum, rambling and difficult to understand, says that the ALJ failed to provide good cause for rejecting Dr. Rashkin's opinion about her limited ability to walk and stand, used the opinions of state agency physicians in an attempt to counter his opinions, and substituted his own judgment in lieu of Rashkin's judgment.

First, Plaintiff argues that Dr. Rashkin's assessment supports a finding that she retained only the RFC for less than a full range of sedentary work, as he noted she is only capable of two hours of standing or walking during an eight-hour workday. [3]  The ALJ expressly provided reasons for rejecting Dr. Rashkin's opinion that Plaintiff can only walk or stand for two hours, as he is permitted to do per the regulations.  *See* 20 C.F.R. §404.1527(d)(2) (a treating physician's opinion will be accorded controlling weight only if it is well supported by medically acceptable techniques and is not inconsistent with the other substantial evidence in the record).  A treating physician's opinion that a plaintiff is disabled or unable to work is not conclusive, and the ALJ must make a disability determination based upon the medical findings and other evidence.  *Bell v. Bowen*, 796 F.2d 1350 (11th Cir. 1986).  Here, two state agency consulting doctors opined that

---

[2] Social Security Ruling 96-8p requires the ALJ to consider all of the Plaintiff's impairments before reaching a disability determination.

[3] Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite her impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997).  The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof. Id.  If a claimant can still do the kind of work she has done in the past, then the Regulations require that she be found not disabled.  At this stage of the evaluation process, the burden is on the Plaintiff to show that she can no longer perform her past relevant work.  *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986).  In evaluating a claimant's residual functional capacity, the ALJ is obliged to consider all of the claimant's impairments, including subjective symptoms such as pain.

Plaintiff can stand or walk for six hours in an eight hour workday, no other treating doctors limited Plaintiff's ability to stand or walk, and Plaintiff did not complain of an inability to stand or walk to any of the treating or consulting doctors. Because the medical evidence does not support Dr. Rashkin's restriction to two hours of walking or standing, I find the ALJ did not err in determining Plaintiff's RFC.

Citing to *Kelley v. Apfel*, 185 F.3d 1211 (11th Cir. 1999), Plaintiff implies that the ALJ erred at step five of the sequential analysis and violated Social Security Ruling 96-8p.[4] The gist of SSR 96-8p is that the ALJ must identify the plaintiff's functional limitations or restrictions and assess her work-related abilities on a function by function basis, and only after that may RFC be expressed in terms of exertional levels of work, sedentary, light, medium, heavy, and very heavy. *Freeman v. Barnhart*, 220 Fed.Appx. 957 (11th Cir. 2007). Here, as in *Freeman*, the ALJ considered all of the evidence and found it did not support Plaintiff's claimed level of disability. The ALJ complied with SSR 96-8p by considering Plaintiff's functional limitations and restrictions before expressing her residual functional limitations in terms of exertional levels.

Lastly, Plaintiff contends she is limited to only unskilled sedentary work. As the Commissioner notes, the medical evidence does not support this contention; Dr. Rashkin's limitations on her ability to push and pull were accepted by the ALJ, and incorporated in his RFC determination, and the VE identified jobs she can perform given these limitations. Accordingly, the ALJ's decision thoroughly reviews the objective medical evidence including

---

[4] The issue in the *Kelley* case is unrelated to the issues Plaintiff raises here. The issue considered whether plaintiff's part time work precluded a finding of disability at step 5 and cited to SSR 96-8p for the proposition that RFC requires a finding that plaintiff can perform work on a regular and continuing basis meaning for eight hours a day for five days a week. *See Kelley*, 185 F.2d at 1214-15.

Dr. Rashkin's reports in making his RFC assessment, complies with SSR 96-8p, and articulates specific reasons for discrediting the portions of Dr. Rashkin's assessment that were overly restrictive (R. 28).  I find substantial support for his conclusion that Plaintiff retains the RFC for a reduced range of light work.

        2. *severe impairments*

Again, Plaintiff's contention is difficult to decipher.  It appears she asserts that the ALJ erred by failing to conclude her herniated discs, stenosis, and osteophytes are severe impairments.  While the ALJ did not specify that Plaintiff's neck pain is a severe impairment, he did acknowledge its affect on Plaintiff when he accepted Dr. McKalip's findings and restricted her to a reduced range of light work.  As the Commissioner notes, the ALJ's failure to label the neck pain as a severe impairment despite his recognition of it was oversight and no more than a harmless error.

Plaintiff similarly argues that her GAF scores reflect a severe mental impairment.  The ALJ addressed Plaintiff's alleged mental impairments and concluded they were not severe (R. 28).  Specifically, the ALJ noted that the examining psychologist found no evidence of significant anxiety attacks and that both the examining psychiatrist and psychologist found her thought processes clear, coherent and intact, and that she was oriented to time, person, and place.  Based on the record evidence, the ALJ opined that Plaintiff had only mild depression.  Dr. Hatton specifically noted Plaintiff's condition was not a severe impairment, and both of her GAF scores (75 in October 2002 and 70 in February 2003) were indicative of only a slight impairment.  Moreover, as the Commissioner states, Plaintiff has failed to show that she has a mental condition that has more than a minimal or slight effect on her ability to engage in daily

activities.  Hence, I find the ALJ's decision that she does not suffer from a severe mental impairment supported by substantial evidence.

Additionally, Plaintiff asserts that the ALJ erred in failing to apply the Eleventh Circuit pain standard.  Upon review of the ALJ's opinion, however, I find that he discussed Plaintiff's pain allegations (R. 27-28) and considered her subjective complaints as contained in her disability report and supporting documents as well as her testimony and demeanor at the hearing when assessing her RFC and restricting her to a reduced range of light work (R. 28-30).  The Commissioner correctly notes that the ALJ must clearly articulate reasons for finding Plaintiff's subjective complaints of pain incredible, and if supported by substantial evidence, his findings will not be disturbed by a reviewing court.  Here, the ALJ analyzed the medical evidence in light of Plaintiff's alleged pain in making his RFC determination.  The ALJ accepted Plaintiff's long-time treating doctor Rashkin's opinions (aside from his limitations on standing and walking).  His conclusion that Plaintiff has medical conditions that reasonably are expected to produce some discomfort, but not the types of limitations Plaintiff described in her testimony, is supported by ample evidence and is consistent with the Eleventh Circuit pain standard.

Finally, Plaintiff summarily notes that the ALJ should have considered all of her impairments in combination.  "Where a claimant has alleged several impairments, the Secretary has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled." *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991); *see* 20 C.F.R. § 404.1523.  This standard is met if the ALJ specifically finds and expressly states that the claimant "is not suffering from any impairment, *or a combination of impairments* of sufficient severity to prevent him from engaging in any

7

substantial gainful activity for a period of at least twelve continuous months." *Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986).  In this case, the ALJ stated that "[b]ased on a thorough review of all the evidence of record, the undersigned finds that the claimant has no impairment or combination of impairments which meets the criteria of any of the listed impairment described in Appendix 1 of the regulations." (R. 27)  Such a finding is sufficient.  *See id.*  Further, as indicated above, substantial evidence supports the ALJ's decision.

### 3. VE hypothetical proper

Plaintiff states that the VE's hypothetical was incomplete since it did not include all of her impairments.  Specifically, she says the hypothetical should have referenced Dr. Belsole's restriction limiting her lifting to three to five pounds and her use of her hands for fine, fast, repetitive work for two out of four hours and four out of eight hours as well as her mental impairments.  The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations.  *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985).  Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record.  *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996), *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987).  As discussed above, the ALJ did not find her mental impairments severe, and need not have included them in the hypothetical.  Similarly, the ALJ adopted the lifting limitation of treating pain specialist Dr. Rashkin, not Dr. Belsole's more stringent restriction.  Because Dr. Belsole saw Plaintiff only once in 2001 and because both state agency consultants who evaluated Plaintiff more recently than Dr. Belsole found that she is able to lift ten pounds frequently and twenty pounds occasionally, I find the ALJ's decision to use the lifting restrictions Dr. Rashkin

8

imposed is supported by substantial evidence.

As the Commissioner explains, the hypothetical (which assumed Plaintiff could stand or walk for only two hours in an eight hour workday) contained a more restrictive RFC than the RFC actually determined by the ALJ (the ALJ ultimately determined Plaintiff could stand or walk for six hours in an eight hour workday). Nevertheless, even with the more restrictive RFC, the VE identified jobs Plaintiff could perform. I find substantial evidence supports the ALJ's RFC determination and the hypothetical he posed to the VE proper.

*D. Conclusion*

For the reasons stated, it is hereby

RECOMMENDED in chambers at Tampa, Florida on this 10th day of August, 2007.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon ground of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982)(en banc).

Copies furnished to:
Counsel of Record
Honorable James S. Moody